## UNITED STATES v. BURGESS.*

*(District Court, E. D. Missouri.   January 30, 1882.)*

1. CONSTITUTIONAL LAW—INFAMOUS CRIMES—CONSPIRACY TO MAKE COUNTERFEIT COIN—PRACTICE—INFORMATION.

A conspiracy to make counterfeit coin is not an infamous crime, within the meaning of article 5 of the amendments to the United States constitution, and may be prosecuted by information.

Motion in Arrest of Judgment.

*Drummond & Smith,* for the United States.

*Paul Bakewell* and *E. M. Stewart,* for defendant.

TREAT, D. J.   An information was filed against the defendant for conspiracy to make counterfeit coin, whereupon a trial was had, and conviction followed.   Many of the points considered in the case of *Wynn, ante,* 886, are involved in the question now presented.   So far as the views of the court are stated in that case, they need not now be repeated.

Under the common law a conspiracy was not infamous unless it was for the subversion of justice, by the obstruction of its administration through perjury, subornation of perjury, spiriting away of witnesses, etc.   Hence, if a like offence is by congressional enactment denounced a crime, without attendant consequences involving infamy, the same can be prosecuted by information.

If the common-law rule were to obtain, the crime charged would not be infamous, inasmuch as the alleged conspiracy, under section 5440, Rev. St., is not to subvert or obstruct the administration of justice through its administration in the courts.

It has been forcibly urged that a conspiracy to commit a felony which, if committed, would fall within the rule of *crimen falsi,* should, under the statute (5440) as to overt acts, be held to come within that rule.   By what has been said in the case of *Wynn,* no such rule would prevail.   If congress denounces a specified offence a felony it is so; not because like offences were such under the English law, but because congress chose so to make it.   In this case, to commit which offence the conspiracy is charged, strange to say, the acts of congress have been frequently changed.   In England there was, for technical reasons, a marked distinction between false coining and passing false coins.   In the early statutes of the United States, counterfeiting coin was declared to be a felony, but in the re-enactment of these statutes

*Reported by B. F. Rex, Esq., of the St. Louis bar.

subsequently the words " shall be adjudged guilty of a felony" were dropped. Hence, what was once a felony by force of the United States Statutes has ceased to be so through subsequent legislation. Independent thereof it must be considered that no conspiracy at common law was infamous except such as pertained to the subversion of justice. The conspiracy charged, for which the defendant has been found guilty on information, was not a conspiracy even to cause a felony to be committed, or to subvert the administration of justice. Still, under the rulings in *Wynn's Case,* if the conspiracy charged was not by act of congress declared infamous or a felony, the offence was rightfully prosecuted by information. Even if it had been a conspiracy to cause a felony to be committed, it would still be a simple misdemeanor.

The motion for arrest is overruled.

Cases cited and examined: Section 5440, Rev. St.; Act April 21, 1806, (2 St. at Large, 404, 405; 4 St. at Large. 121; 13 St. at Large, 120;) 3 Cox, Crim. Cas. 229; 4 Ward. 265; Cooley, Blackstone, 136; 13 Johns. 82; *In re Ville,* 2 Dod. 174; 12 Ward. 209; 2 Bish. 176; and those noted in *Wynn's Case, ante,* 886.